**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SHARI ZONGOS,**

                 **Plaintiff,**            5:12-cv-1007
                                                                (GLS/ESH)

                 v.

**CAROLYN W. COLVIN,** Acting
Commission of Social Security,

                 **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group | HOWARD D. OLINSKY, ESQ. |
| 300 S. State Street | |
| Suite 420 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | VERNON NORWOOD |
| United States Attorney | Special Assistant U.S. Attorney |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Shari Zongos challenges defendant Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1] (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed October 29, 2013, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 15.) Pending are Zongos' objections to the R&R. (Dkt. No. 16.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[2]

On October 26, 2009, Zongos filed an application for SSI under the Social Security Act. (Tr.[3] at 107, 162-66.) After her application was denied, Zongos requested a hearing before an Administrative Law Judge (ALJ), which was held on December 13, 2010. (*Id.* at 57-106, 108, 112-14.) On June 16, 2011, the ALJ issued a decision denying the requested

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) of Title 42 applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 11, 13, 15.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 9.)

2

benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 8-10, 14-30.)

Zongos commenced the present action by filing a complaint on June 20, 2012, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending the Commissioner's decision be affirmed. (*See generally* Dkt. No. 15.)

### III. **Standard of Review**

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. See *Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at \*3, \*5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an

3

objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Zongos raises one specific objection to the R&R regarding the ALJ's residual functional capacity (RFC)[4] determination, which the court will review *de novo*.[5] The remainder of the R&R will be reviewed for clear error.

## A. RFC Determination

Zongos objects to Judge Hines' conclusion that the ALJ's RFC

---

[4] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 416.945(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

[5] Zongos purports to object to the R&R on two grounds. (Dkt. No. 16 at 1-4.) Zongos' second objection is that the step five determination was unsupported by substantial evidence "as the ALJ should have obtained the testimony of a vocational expert." (*Id.* at 4.) The substance of this argument, however, was previously raised in Zongos' brief and considered and rejected by Judge Hines. (Dkt. No. 11 at 22-23; Dkt. No. 15 at 27-31.) This "objection," therefore, is general and does not warrant *de novo* review. *See Almonte*, 2006 WL 149049 at *4.

4

determination is supported by substantial evidence.[6]  (Dkt. No. 16 at 1-4.)
According to Zongos, Judge Hines incorrectly found that the ALJ properly
weighed the opinions of treating physician Kevin Setter and non-examining
medical consultant Thomas Weiss.  (*Id.*)

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."  20 C.F.R. § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner.  20 C.F.R. § 416.927(c)(2)-(6).  The ALJ must provide "'good reasons' for the weight given to the treating source's opinion."  *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted).  "Nevertheless, where 'the evidence of record permits [the court]

---

[6] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotations omitted).

to glean the rationale of an ALJ's decision,'" it is not necessary that the ALJ "'have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.'" *Id*. (citation omitted).

As Judge Hines correctly observed, the ALJ adopted portions of Dr. Setter's opinion. (Dkt. No. 15 at 12-14; Tr. at 23-24, 422-28.) Dr. Setter treated Zongos for basal joint pain by performing surgery on her left hand. (Tr. at 415, 422.) The ALJ adopted Dr. Setter's opinion that Zongos can only occasionally handle, finger, and feel with her left hand. (*Id.* at 21, 425.) However, the ALJ rejected Dr. Setter's opinion that Zongos can only *occasionally* lift and carry ten pounds, but, instead, determined that she can *frequently* lift and carry ten pounds. (*Compare id.* at 21, *with id.* at 423.) The ALJ explained that he gave less than controlling weight to Dr. Setter's opinion because Dr. Setter "did not provide a complete assessment of [Zongos'] physical capabilities." (*Id.* at 24.) As Judge Hines pointed out, Dr. Setter's treatment relationship did not involve a complete orthopedic assessment of Zongos' functional capabilities, as Dr. Setter did not treat Zongos for her complaints of back, knee, or hip pain. (*Id.* at 320-25, 336-38, 370-71, 393-94, 422; Dkt. No. 15 at 14.)

Consultative examiner Sandra Boehlert and Dr. Weiss, on the other hand, provided complete orthopedic assessments of Zongos' functional abilities. (Tr. at 336-38, 441-50.) Dr. Boehlert opined that Zongos suffers "moderate limitations to repetitive heavy exertion of the left hand" and mild limitations to "heavy exertion in the standing position." (*Id.* at 338.) Dr. Weiss opined that Zongos can frequently lift and carry up to ten pounds. (*Id.* at 445.) Thus, the ALJ relied on these opinions, which took into account all of Zongos' alleged impairments, to determine her RFC. (*Id.* at 23-24;) *see* 20 C.F.R. § 416.927(c)(2)(ii). Zongos argues that, because Dr. Setter opined that Zongos' basal joint pain prevented her from lifting ten pounds frequently, regardless of her other impairments, the ALJ's reliance on the opinions of Drs. Boehlert and Weiss was in error. (Dkt. No. 16 at 2.)

Although the ALJ could have discussed his reasons for discounting Dr. Setter's opinion with respect to Zongos' ability to lift and carry in more detail, his decision and the evidence of record allows the court to glean his rationale, and, thus, the court agrees with Judge Hines that the Commissioner's decision to discount Dr. Setter's opinion should be affirmed. *See Petrie*, 412 F. App'x at 407. Specifically, the ALJ noted that Zongos' conservative medical treatment, the objective evidence of record,

7

including the results of Dr. Boehlert's examination, and her ability to cook and clean daily, launder her clothing and shop weekly, and take care of her children regularly, all support a finding that Zongos can "perform slightly less than the full range of light work." (Tr. at 23, 332-33, 337-38, 370-71, 377-78, 390-91, 393-94, 396-97); *see* 20 C.F.R. § 416.927(c)(4). Additionally, the court agrees with Judge Hines that the ALJ did not err in affording significant weight to the opinion of Dr. Weiss, despite his citation to the physical RFC assessment completed by a non-acceptable medical source, K. Novitske. (Tr. at 24, 445; Dkt. No. 15 at 17-19.) Dr. Weiss' report cites Zongos' treatment records as well as Dr. Boehlert's examination results, and, thus, it is clear that he considered the entire body of evidence before him when offering his opinion. (Tr. at 442, 444, 450.) Further, as the medical assertions in Novitske's physical RFC assessment were supported by the remainder of the record, Dr. Weiss's citation to the report is of little consequence. *Cf. Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 35 (2d Cir. 2013) (rejecting the argument that the ALJ's RFC assessment was not supported by substantial evidence, where the ALJ gave significant weight to the findings of a state disability examiner that were supported by the claimant's medical records).

## B. Remaining Findings and Conclusions

Having addressed Zongos' specific objection *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' October 29, 2013 Report and Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Zongos' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 25, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court